Joshua Trigsted (13126)
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MORGAN HENDERSON, | **COMPLAINT** |
| Plaintiff, | |
| v. | |
| COMPLETE RECOVERY CORPORATION, | |
| Defendant. | **JURY TRIAL DEMANDED** |

### I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA").

### II. JURISDICTION

2.  Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

### III. PARTIES

3.  Plaintiff, Morgan Henderson ("Plaintiff"), is a natural person residing in Salt Lake County, Utah.

4. Defendant, Complete Recovery Corporation, ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

### IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. Communicating or threatening to communicate credit information which is known or which should be known to be false, including verifying the existing information on Plaintiff's with the credit bureaus in response to a dispute by Plaintiff, and failing to simultaneously update the credit report to reflect that the debt had been disputed (§ 1692e(8)).

10. Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel. Counsel for Plaintiff sent Defendant a letter notifying Defendant that he represented Plaintiff. Thereafter, Defendant sent correspondence directly to Plaintiff about the debt at issue in this litigation and about another related debt (§ 1692c(a)(2)).

11.   Taking collection action in the state of Utah without first obtaining the proper state license to engage in collection actions. When Defendant sent the letter to Plaintiff referenced in paragraph 10, it did not have a current and valid license to collect debts in Utah (§ 1692f).

12.   As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

13.   Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

14.   Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

15.   To the extent Defendant's actions, detailed in paragraphs 8-10, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16.   Plaintiff reincorporates by reference all of the preceding paragraphs.

17.   The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692e(8) & 1692c(a)(2).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 22nd day of October, 2010.

TRIGSTED LAW GROUP, P.C.

_____
Joshua Trigsted
*Attorney for the Plaintiff*

**PLAINTIFF'S ADDRESS**
Midvale, UT